IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHIRLEY KNIGHT, Guardian ad Litem for J.S., a minor; and MARLENE FAGAN, | ) ) ) ) | 2:08-cv-01903-GEB-EFB |
| Plaintiffs[*], | ) ) | ORDER ON MOTIONS IN LIMINE[**] |
| v. | ) ) | |
| DEERE & COMPANY, | ) ) | |
| Defendant. | ) ) | |

Each party moves in limine for an order precluding certain evidence from being part of the trial record. Each motion is addressed below.

**A.   Plaintiff Shirley Knight's Motion in Limine**

Plaintiff Shirley Knight ("Knight") seeks exclusion of proposed testimony from Michael Bedis and Peter Haag "concerning the lack of prior complaints made to [Defendant] regarding leaks from the hydraulic fluid reservoir." (Knight's Mot. in Limine ("MIL") 1:21-24.) Knight argues this evidence should be excluded since neither Bedis nor Hagg was properly identified as an expert witness under Federal Rule of

---

[*] The caption has been amended in accordance with the Court's April 13, 2010 Order Dismissing Homer Fagan's Claim Against Defendant. (ECF No. 103.)

[**] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  Civil Procedure 26. Id. at 1:24-2:3. Knight also argues this evidence is
2  irrelevant, "lacks foundation, authentication, and is inadmissible
3  hearsay[.]" Id. at 2:4-6.
4        Defendant counters, Bedis and Haag's "knowledge regarding
5  complaints involving the AMT 622 is fact testimony, not an expert
6  opinion[; therefore,] whether the specific issue was disclosed in expert
7  disclosures or mentioned in an expert report is irrelevant." (Def.'s
8  Opp'n to Knight's MIL 3:6-12.) Defendant further rejoins, "evidence
9  regarding the absence of prior complaints and accidents is relevant to
10 plaintiffs' negligence claims against [Defendant.]" Id. at 3:17-18.
11 Specifically, Defendant argues the evidence has probative value on the
12 proposition "whether [Defendant] knew or should have known that there
13 was a likelihood of potential harm," from the utility vehicle's design.
14 Id. at 3:24-27.
15       Knight responds in her reply brief that the evidence should
16 also be excluded under Federal Rule of Evidence 403. (Knight's Reply to
17 Def.'s Opp'n to MIL 3:10-11.) However, this argument is disregarded
18 since it was made for the first time in Knight's reply brief. See U.S.
19 v. Anderson, 472 F.3d 662, 668 (9th Cir. 2006)("Issues raised for the
20 first time in an appellant's reply brief are generally deemed waived.");
21 Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007)("The district court
22 need not consider arguments raised for the first time in a reply
23 brief."); see also Final Pretrial Order 6:3-5 (prescribing in the in
24 limine motion section: "Failure to state and explain a basis for
25 admissibility or nonadmissibility of disputed evidence constitutes
26 waiver or abandonment of that basis").
27       Further, Knight has not shown that the above referenced
28 evidence is expert witness evidence. Rule 701 of the Federal Rules of

Evidence authorizes lay witness testimony that is "[] rationally based on the perception of the witness, and [] helpful to a clear understanding of the witness' testimony or the determination of a fact in issue . . ." The evidence is relevant to the following proposition in Plaintiffs' negligence claim: "in determining whether [Defendant] used reasonable care, [the jury] should balance what [Defendant] knew or should have known about the likelihood and severity of potential harm from the product against the burden of taking safety measures to reduce or avoid harm." Joint Jury Instr. No. 17, ECF No. 76; see also Kolada v. General Motor Parts Div., General Motors Corp., 716 F.2d 373, 377 (6th Cir. 1983) ("[E]vidence of a lack of prior claims or similar incidents is relevant . . . as to the issue of [a Defendant's] actual or constructive knowledge of any dangerous propensities of its [product]."). However, the record lacks sufficient factual context for an in limine ruling on the remaining foundation and hearsay arguments.

For the stated reasons, Knight's motion is denied.

**B.   Plaintiff Marlene Fagan's Motion in Limine**

Plaintiff Marlene Fagan ("Fagan") seeks to exclude "any conclusions and/or opinions referred to in the California Highway Patrol Traffic Collision Report generated on September 3, 2006 to October 18, 2006," arguing Officer Revheim's opinions are not admissible as lay or expert opinion testimony and should be excluded under Federal Rule of Evidence 403. (Fagan's MIL, 1:20-24, 2:8-13, 4:18-22, 10:9-11.) Fagan also argues the Traffic Collision Report itself is inadmissible under California Vehicle Code section 20013 ("section 20013"), which states "[n]o . . . accident report shall be used as evidence in any trial, civil or criminal, arising out of an accident[.]" Id. at 9:3-6. Defendant counters, *inter alia*, "Officer Revheim is qualified to render

3

expert opinions as to the cause of the accident[,]" and "the Federal Rules of Evidence guide the admissibility of evidence in this action[.]" (Def.'s Opp'n to Fagan's MIL, 1:27-2:1, 2:6-9.)

Fagan has not shown that section 20013 precludes admission of the Traffic Collision Report since she has not provided support for her conclusory argument that this state evidentiary rule applies in this federal diversity action. See Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003)(stating "[m]ost evidentiary rules are procedural in nature, and the Federal Rules of Evidence ordinarily govern in diversity cases")(internal quotation marks and citation omitted).

Further, the remainder of the motion is denied, since a sufficient factual context has not been presented for a ruling.

**C. Defendant's Motions in Limine**

**1) Motion in Limine No. 1**

Defendant seeks to prevent Knight's expert, Russell Darnell, Ph.D., from offering the following "opinions not found in his expert report" under Federal Rules of Civil Procedure 26 and 37(c): 1) "because of the leak of hydraulic fluid the saturated right brake pad collected dirt, grime, and other contaminants which caked onto the pads and caliper, preventing the caliper from engaging the brake pads against the right disk and slowing the vehicle[,]" and 2) "the addition of a second front wheel could have provided a platform for an additional two front brakes that could have worked in conjunction with the rear brakes, or, . . . as a secondary or fail safe braking system in the event of primary brake failure." (Def.'s MIL No. 1, 2:5-7, 6:14-23 (internal quotation marks and citations omitted).)

4

1    Plaintiffs "agree[] to withdraw or otherwise refrain from
2 introducing evidence or testimony that a second front wheel on the
3 subject vehicle would have provided a platform for a secondary braking
4 system[.]" (Knight's Opp'n to Def.'s MIL No. 1, 8:11-12, 11:25-12:2;
5 Fagan's Notice of Joinder in Opp'ns Filed by Knight.) Therefore, that
6 portion of Defendant's motion is denied as moot. Plaintiffs oppose the
7 remainder of the motion, arguing, *inter alia*, "the contested statements"
8 are not new, but merely "clarify Dr. Darnell's previously disclosed
9 opinions and conclusions" and, therefore, "comply with the disclosure
10 requirements of Federal Rule 26." (Knight's Opp'n to Def.'s MIL No. 1,
11 1:26-27, 2:3-6.)
12    Since Defendant has not shown that the statements contained in
13 Darnell's declaration were not previously disclosed, the remainder of
14 Defendant's Motion in Limine No. 1 is denied.
15    **2)   Motion in Limine No. 2**
16    Defendant also seeks exclusion of "evidence regarding braking
17 systems in [other] vehicles [made by Defendant;]" specifically, "a
18 series of later developed vehicles known as the Gator series of
19 vehicles." (Def.'s MIL No. 2, 1:22-25.) Defendant argues "[s]uch
20 evidence is not relevant to this action, since the accident in this case
21 involved a[n] AMT 622 utility vehicle, not a Gator[;]" "[t]here is no
22 evidence that any differences in the braking systems in the Gator
23 vehicles were implemented because of safety concerns about the braking
24 system in the AMT 622 utility vehicle[;]" and it is undisputed "that it
25 would have been feasible to install a front break in the AMT 622 utility
26 vehicle[.]" Id. at 2:5-10. Defendant also argues the evidence should be
27 excluded under Federal Rule of Evidence 403 "because it would be
28 confusing and misleading to the jury[.]" Id. at 2:11-15.

Plaintiffs counter, evidence concerning the design of Defendant's Gator vehicles is relevant "to an analysis of [Defendant's] liability under California's [strict liability] Risk Benefit Test[,]" i.e. "to show the feasibility of alternative design configurations and how such alternative configurations represented known and accepted industry standards at the time of the subject vehicle's design and manufacture[,]" as well as "to show [that] such alternative design configurations, had they been employed on the subject vehicle, would have prevented the accident by making the subject vehicle safer." (Knight's Opp'n to Def.'s MIL No. 2, 1:28-2:2, 5:3-9; Fagan's Notice of Joinder in Opp'ns Filed by Knight.) Plaintiffs further argue Defendant's Gator "line of vehicles, including those that were modified for sale in European markets, are sufficiently similar vehicles such that evidence of their braking configurations is neither irrelevant, confusing, nor unduly time consuming." (Knight's Opp'n to Def.'s MIL No. 2, 2:11-14.)

Defendant responds with the argument, made for the first time in its reply brief, that evidence of the "later developed Gator vehicles" should also be excluded since "the fact that different brakes were used in a different line of vehicles developed many years after the 1991 AMT 622 involved in this case is not relevant to prove that the AMT was defective, and is not indicative of the industry standard that existed at the time the AMT 622 was made." (Def.'s Reply to Pl.'s Opp'n to MIL No. 2, 2:5-16.) This argument is disregarded since it was made for the first time in Defendant's reply brief.

In "evaluating the adequacy of a product's design pursuant to [the risk-benefit] standard [under California law], a jury may consider, among other relevant factors, . . . the mechanical feasibility of a safer alternative design, the financial cost of an improved design, and

the adverse consequences to the product and to the consumer that would result from an alternative design." Gonzalez v. Autoliv ASP, Inc., 154 Cal. App. 4th 780, 786-87 (2007)(internal quotation marks and citation omitted); see also Judicial Council of California Civil Jury Instruction No. 1204 (2010). Plaintiffs argue that the AMT 622 was defectively designed in how the hydraulic fluid reservoir was positioned over its right rear brake assembly, it lacked a front brake and/or secondary braking system, and it did not have a second front wheel. (Knight's Opp'n to Def.'s MIL No. 2, 1:26-28, 2:17-27.) Vehicles in Defendant's Gator "line" utilized different braking systems; an early model had two rear transaxle brakes (brakes internal to the transaxle), a later model had front and rear hydraulic brakes, and a European model had a secondary braking system. (Def.'s MIL No. 2, 3:5-16.)

Defendant has not shown that evidence of these alternative braking designs lacks probative value on Plaintiffs' strict liability - design defect claim. See C.O. v. Coleman Co., Inc., No. C06-1779 TSZ, 2008 WL 820066, at *2-3 (W.D. Wash. Mar. 25, 2008)(permitting Plaintiffs to introduce evidence concerning the design features and warnings of other heaters made by Defendant); Friend v. Time Mfg. Co., No. 03-343-TUC-CKJ, 2006 WL 2135807, at *5 (D. Ariz. July 28, 2006)(denying Defendant's motion in limine to exclude evidence concerning the design of a related vehicle model to "show that inclusion of a [certain design feature] was not only feasible, but in fact had occurred previously"). Further, Defendant has not presented evidence supporting its conclusory statement that the Gator vehicles "are a whole new series of utility vehicles, and therefore are not reasonably similar to the vehicle at issue." (Def.'s MIL No. 2, 3:23-25.) Therefore, Defendant's Motion in Limine No. 2 is denied.

### 3) Motion in Limine No. 3

Defendant also seeks exclusion of "evidence of other accidents involving [its] AMT vehicles[,]" which "are not reasonably similar to the accident at issue in this case" under Federal Rules of Evidence 402 and 403. (Def.'s MIL No. 3, 1:22-23, 2:1-3, 2:26-3:4.) Defendant argues, testimony regarding "two roll-over cases . . . involving the AMT 600 series [did not] involve[] a failure of the brakes or any circumstances similar to this accident." Id. at 2:21-23.

Plaintiffs counter, their allegations include the claim that the AMT 622 was defectively designed since it had "a single front wheel, rather than two front wheels . . . which represents a deviation from the industry norm of two front wheels on such vehicles for improved stability." (Knight's Opp'n to Def.'s MIL No. 3, 1:21-27; Fagan's Notice of Joinder in Opp'ns Filed by Knight.) Plaintiffs argue that evidence of the other roll-over accidents has probative value on the subject vehicle's "general stability, handling characteristics and braking." (Knight's Opp'n to Def.'s MIL No. 3, 2:6-8.) Plaintiffs further argue the other roll-over accidents are sufficiently similar to the accident at issue in this litigation since "in each of the three accidents, the vehicles overturned, implicating braking and stability concerns directly relevant to the contention of [their liability expert] that an additional front wheel would have increased the vehicle's overall stability." (Knight's Opp'n to Def.'s MIL No. 3, 2:23-25, 3:11-22.) Plaintiffs also argue, "assuming arguendo, the [two roll-over accidents] are construed as dissimilar," evidence of their existence is admissible to challenge defense expert Peter Haag's credibility. Id. at 4:8-10, 4:24-28.

1     Defendant replies that admitting "any accident involving a
2  roll-over . . . would be unreasonably broad, since there are any number
3  of reasons an AMT could overturn that have nothing to do with a failure
4  of the braking system, or the design of the brakes[;]" and since there
5  is "no evidence that [either roll-over accident] involved a failure of
6  the braking system[,]" this evidence should not be admitted. (Def.'s
7  Reply to Pl.'s Opp'n to MIL No. 3, 1:25-2:9.) Defendant also responds
8  that the evidence has not been shown to bear on Haag's credibility since
9  "it is unclear how evidence regarding these roll-over accidents
10 implicates [his] credibility." Id. at 3:1-3.

11     "A showing of substantial similarity is required when a
12 plaintiff attempts to introduce evidence of other accidents as direct
13 proof of negligence, a design defect, or notice of the defect." Cooper
14 v. Firestone Tire & Rubber Co., 945 F.2d 1103, 1105 (9th Cir.
15 1991)(citations omitted). "The rule rests on the concern that evidence
16 of dissimilar accidents lacks the relevance required for admissibility
17 under Federal Rules of Evidence 401 and 402." Id. However, evidence of
18 dissimilar accidents "may be admitted when relevant to [a] witness's
19 credibility." Id.

> When an expert testifies that a product is generally safe . . . the witness's credibility can be undermined by showing the witness had knowledge of prior accidents caused by the product. The evidence of other accidents, whether similar or not, tends to show the witness's claims of product safety are overstated and the witness therefore may not be reliable.
>
> . . . It is not the expert's knowledge of prior accidents that triggers the admissibility of evidence of other accidents, however, but the expert's assertion that the product involved is generally safe. If an expert restricts his testimony to the product's safety with respect to the type of accident at issue, or acknowledges on direct examination the occurrence of prior accidents in dissimilar circumstances, evidence of

9

>       such accidents will not be relevant to his
>       credibility and will not be admissible.

Id.

The record lacks sufficient factual context for an in limine ruling and is denied.

Dated: April 26, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge