IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY KNIGHT, Guardian ad Litem for J.S., a minor; and MARLENE FAGAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>DEERE & COMPANY,<br><br>        Defendant.<br>_____ | 2:08-cv-01903-GEB-EFB<br><br>TWO TRIAL DOCUMENTS |

        Attached are the voir dire questions and preliminary jury instructions.

        In light of the proposed voir dire submitted by each party, the judge is inclined to conduct all voir dire. Many of Plaintiffs' proposed questions are inappropriate "attempt[s] . . . to lay a foundation for [the client's] case." DeLaCruz v. Atchison, Topeka & Santa Fe Ry. Co., 405 F.2d 459, 462 (5th Cir. 1968); see also U.S. v. Haldeman, 559 F.2d 31, 67 n.50 (D.C. Cir. 1976)(affirming district court's decision not to allow proposed voir dire questions that were "intended to obtain the veniremen's reactions to the facts which would come out at trial and to explain those facts in terms favorable" to a party). Defendant's proposed questions are overbroad since they do not

pointedly probe bias matters. Scott v. Lawrence, 36 F.3d 871, 874 (9th Cir. 1994) ("The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice.").

Dated: May 2, 2011

GARLAND E. BURRELL, JR.
United States District Judge