IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHIRLEY KNIGHT, Guardian ad Litem for J.S., a minor; and MARLENE FAGAN, | ) ) ) ) | 2:08-cv-01903-GEB-EFB |
| Plaintiffs, | ) ) | <u>PROPOSED CLOSING JURY INSTRUCTIONS</u> |
| v. | ) ) | |
| DEERE & COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

The attached draft closing jury instructions are provided to the parties for their consideration.  Any proposed modifications should be submitted as soon as practicable.

Several of the parties' proposed instructions have been modified for clarity, to eliminate unnecessary language, and to more closely follow the language used in the Ninth Circuit Model Civil Jury Instructions and Judicial Council of California Civil Jury Instructions upon which they are based. For example, the parties' names have been removed so that the instructions now refer only "Plaintiffs" and "Defendant," except in instructions that are specific to only one Plaintiff, such as the spoliation instruction. Additionally, the strict liability (design defect) and negligence instructions have eliminated

the first element, which requires Plaintiff to prove that Defendant manufactured, distributed or sold the product, since the parties have stipulated that the product at issue was "designed and marketed" by Defendant. (ECF No. 53, 2:5-8.)

The parties propose different strict liability (design defect) instructions. Plaintiffs request that both the "Consumer Expectation Test" instruction and "Risk Benefit Test" instruction be given, whereas Defendant argues "the consumer expectation test may not be utilized in the instant case" because "there is a dispute among the experts in this case as to how the accident occurred." (Marlene Fagan's Trial Brief, 5:19-21; J.S.'s Trial Brief, 9:7-8; Def.'s Trial Brief 4:22-5:11.)

Under California law,

> [A] product may be found defective in design, so as to subject a manufacturer to strict liability for resulting injuries, under either of two alternative tests. First, a product may be found defective in design if the plaintiff establishes that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner. Second, a product may alternatively be found defective in design if the plaintiff demonstrates that the product's design proximately caused his injury and the defendant fails to establish, in light of the relevant factors, that, on balance, the benefits of the challenged design outweigh the risk of danger inherent in such design.

Barker v. Lull Eng'g, 20 Cal. 3d 413,432 (1978). However, "the consumer expectations test is reserved for cases in which the everyday experience of the product's users permits a conclusion that the product's design violated minimum safety assumptions, and is thus defective regardless of expert opinion about the merits of the design." Soule v. General Motors Corp., 8 Cal. 4th 548, 567 (1994). "Unless the facts actually permit an inference that the product's performance did not meet the minimum safety expectations of its ordinary users, the jury must engage in the

balancing of risks and benefits required by the second prong of <u>Barker</u>."
<u>Id.</u> at 568.

Defendant has not provided authority supporting its argument
that the "Consumer Expectation Test" is inapplicable in this case where
causation is disputed. As indicated in <u>Soule</u>, "ordinary consumer
expectations are not irrelevant simply because expert testimony is
required to prove that . . . a condition of the product as marketed was
a 'substantial,' and therefore 'legal,' cause of injury." <u>Soule</u>, 8 Cal.
4th at 569 n.6. Here, the parties agree that the accident occurred when
"there was a loss of the ability to slow the vehicle by applying its
brakes" as it was "being driven by Marlene Fagan downhill[.]" ECF No.
53, 2:10-13.

> [O]rdinary consumers . . . may and do expect
> that . . . vehicles will be designed so as not
> to . . . experience sudden steering or brake
> failure . . . . If the plaintiff in a product
> liability action proved that a vehicle's
> design produced such a result, the jury could
> find forthwith that the [vehicle] failed to
> perform as safely as its ordinary consumers
> would expect, and was therefore defective.

<u>Soule</u>, 8 Cal. 4th at 566 n.3. For the stated reasons, the attached
instruction on strict liability (design defect) includes both the
"Consumer Expectation Test" and "Risk Benefit Analysis Test."

The parties' proposed joint instruction No. 21 (mitigation of
damages) will not be given as drafted since it refers to "plaintiff"
singularly and does not name the plaintiff to whom it refers. Further,
this instruction is based upon a Ninth Circuit Model Jury Instruction
without indicating why a federal damages instruction should be used to
instruct on a state law defense. If any party requests a mitigation of
damages instruction be given, that party shall propose a clear

mitigation of damages instruction based upon California law, or alternatively, provide authority for use of federal law.

Plaintiffs' proposed contested instruction No. 40 references a "failure to warn" strict liability theory. No instruction will be provided on a this theory of liability since this claim was not preserved for trial in the Final Pretrial Order. (ECF No. 53, 2:20-3:4.) <u>See Pierce Co. Hotel Emps. & Rest. Emps. Health Trust v. Elks Lodge, B.P.O.E. No. 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action.").

Defendant's proposed contested special jury instruction No. 1 (spoliation) has been modified to more accurately reflect what the parties stipulated to factually at the final pretrial conference and the Court's prior ruling on Defendant's request for a spoliation of evidence sanction. <u>See</u> ECF No. 53, 3:5-5:21.

Since the parties filed a Joint Neutral Statement of Case, which was read during voir dire, the parties' proposed, contested "claims and defenses" jury instructions are unnecessary and will not be used.

Plaintiffs' proposed constested instructions Nos. 33, 34, 37, 38, 39, 46, 51, and 52 will not be used since they are duplicative of other instructions. Further, since it is undisputed that Defendant manufactured the product at issue, Plaintiffs' proposed contested instruction No. 50 ("Seller Assuming Role of Manufacturer") is unnecessary and will not be used.

Lastly, the instructions which refer to the minor plaintiff by name will be modified at trial to include his full name as the minor plaintiff has requested through counsel, rather than initials. However, any copy of the jury instructions filed on the public docket will only

utilize the minor's initials to protect the minor's privacy as required under Federal Rule of Civil Procedure 5.2(a) and Local Rule 140(a).

Dated:  May 3, 2011

GARLAND E. BURRELL, JR.
United States District Judge